UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COOLER INK SOLUTIONS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 3:14-cv-1706 |
| v. | )<br>) Judge Sharp |
| BLUE OCEAN HOLDINGS, INC., | ) Magistrate John S. Bryant |
| MICHAEL JOHN DAVIS, AND | ) |
| SHANA W. DAVIS, | )<br>) |
| Defendants. | ) |

## MEMORANDUM

The Court granted summary judgment to Plaintiff Cooler Ink Solutions, Inc. four months ago. Defendants Michael Davis, Shana Davis, and Blue Ocean Holdings, Inc. now move to vacate that judgment. For the following reasons, the Court will deny Defendants' motion.

## BACKGROUND

Plaintiff first brought this case in August 2014. (See Docket No. 1.) On January 7, 2015, Plaintiff moved for summary judgment and mailed a copy of the motion to Defendants at their address of record. (See Docket No. 45, p. 3.) Defendants did not oppose the motion. On September 30, 2015, the Court granted summary judgment to Plaintiff. The Clerk entered judgment the same day.[1] (See Docket Nos. 103, 104.)

On December 10, 2015, Defendants moved to vacate the judgment. (Docket No. 114.)

---

[1] The Court also granted Plaintiff's Motion for Correction of Judgment on September 30, 2015. (See Docket Nos. 97, 102.) That motion asked the Court to include Michael Davis and Shana Davis as Defendants in an earlier Order (Docket No. 75) that had granted summary judgment against Blue Ocean Holdings, Inc. only. So the September 30, 2015 Order applied to all three Defendants—Michael Davis, Shana Davis, and Blue Ocean Holdings, Inc.

1

# ANALYSIS

Motions to vacate a judgment are governed by Rule 60 of the Federal Rules of Civil Procedure.[2] Rule 60(b) sets out six reasons for setting aside a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the six enumerated reasons for giving relief from a judgment. Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir. 1986).

Defendants do not argue that this case fits into any of the first five reasons listed in 60(b). Instead, they argue that they never had "the opportunity to represent themselves" after Plaintiff filed its summary-judgment motion. (Docket No. 114, p. 1.) They claim that they moved to a new address in February 2015; after the move, they never received any motions or orders. They contend that this kept them from "appear[ing] in Court, [or] be[ing] heard by the Court." (Docket No. 114, p. 1.)

This is not a valid basis for vacating the judgment. Plaintiff properly served Defendants with the summary-judgment motion: under Rule 5(b)(2)(C) of the Federal Rules of Civil

---

[2] This Circuit has also interpreted Rule 59(e) to cover motions to vacate, but only if the motion was filed within ten days of the judgment. See Hammons ex rel. Vance v. U.S., 90 F.3d 1145, 1148 n.2 (6th Cir. 1996).

Procedure, a party properly serves an adversary by "mailing to the [adversary's] last known address." And when Defendants' address changed, they had an affirmative duty to give the Court notice of that change. See, e.g., Winters v. Celeste, 1993 WL 94018, at *1 (6th Cir. Mar. 31, 1993); Davis v. Gallatin Police Dep't, 2010 WL 4117162, at *1 (M.D. Tenn. Oct. 19, 2010) ("[A party has an obligation to keep the Court advised of his current address.") Though Defendants claim that they "sent notification of the [new] address of record via fax/USPS mail on February 9, 2015," no such notification was ever received by the Court. (Docket No. 114, p. 1.) From the record, Defendants simply failed to fulfill their obligation. See Holman v. Haskell, 1993 WL 424848, at *1 (6th Cir. Oct. 19, 1993) (holding that a plaintiff failed to state a cause for 60(b) relief when he failed to comply with his legal duty to supply the court with his current address); Winters, 1993 WL 94018, at *1.

Moreover, the record suggests that Defendants changed their address *after* the summary-judgment motion was sent to them. Plaintiff filed the motion on January 7, 2015, mailing a copy to Defendants on the same day. (See Docket No. 45.) Defendants faxed several letters to the Court on January 16, 2015, nine days later. (See Docket No. 50, 52, 53.) These letters all list Defendants' return address as "2332 Valley Side Drive, Decatur, GA, 30032"—the same address as Defendants' original address of record. (Docket No. 50, p. 3; Docket No. 52, p. 3; Docket No. 53, p. 3.) That address was also listed on a certified mail receipt for an Order that the Court issued on January 23, 2015. (See Docket No. 54.) From this, it seems that Defendants had notice of the summary-judgment motion, but simply failed to respond to it. This undercuts Defendants' assertion that they were denied the chance "to present a defens[e] in response" to the motion. (Docket No. 114, p. 2.)

## CONCLUSION

Defendants have not shown why the Court should vacate the judgment. Accordingly, Defendant's motion to vacate is DENIED.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE